UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * * * *

| | |
|---|---|
| CLARA M. JONES,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>LYON COUNTY, NEVADA,<br><br>　　　　　　Defendant. | 03:04-CV-0742-LRH (RAM)<br><br>ORDER |

Presently before this Court are two motions for summary judgment (#12 and #15[1]) brought by Plaintiff Clara Jones. Defendant Lyon County has moved to strike the first motion (#13) as a fugitive document, and opposed the second (#16).

**FACTUAL AND PROCEDURAL BACKGROUND**

The present motions show the difficulties that arise when a citizen attempts to proceed pro se. Plaintiff filed a complaint claiming a violation of her Fourth Amendment and Ninth Amendment rights based on an allegedly illegal search of her home, implying that Lyon County had agreed to pay her claim then effectively breached that contract, and seeking over twenty million dollars in damages. Plaintiff, however, never properly served her complaint on Defendant.

Nonetheless, Plaintiff moved for summary judgment when no response was forthcoming. The Court, recognizing the difficulties of proceeding pro se, provided Plaintiff with 30 days to complete proper service of Defendant. Service was then properly made and Defendant filed an

---

[1] References to (# XX) refer to the Court's docket.

1  answer within 20 days of being served; bringing the Court to its current position.

2      Upon service of the Answer, Plaintiff moved again for summary judgment, basing her
3  authority on Federal Rules of Civil Procedure 50 and 56.  Plaintiff argued that the answer was a
4  fugitive document, improperly filed, and therefore that no response had been made and summary
5  judgment was appropriate.  Defendant responded by moving to strike Plaintiff's motion as it had
6  once again not been properly served on Defendant.  In response, Plaintiff filed a second motion
7  for summary judgment, apparently curing the service issue, which made the same claim as the
8  first motion.  Defendant opposed this motion on the merits, simply stating that Rule 50 and Rule
9  56 do not provide the relief which Plaintiff seeks.

10      **LEGAL STANDARD FOR DEFAULT JUDGMENT**

11      "When a party against whom a judgment for affirmative relief is sought has failed to
12  plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit
13  or otherwise, the clerk shall enter the party's default."  Fed. R. Civ. P. 55(a).  "When the
14  plaintiff's claim against a defendant is for a sum certain . . . the clerk upon request of the plaintiff
15  and upon affidavit of the amount due shall enter judgment for that amount . . . if the defendant
16  has been defaulted."  Fed. R. Civ. P. 55(b)(1).

17      **DISCUSSION**

18      Plaintiff's argument for summary judgment is based on the notion that the answer filed by
19  Defendant is improper and, therefore, no response has been filed.  Such an argument is actually a
20  motion for default judgment, which normally would be handled by the clerk's office.  However,
21  as the underlying issue is straightforward, the Court will deny Plaintiff's motion in the interests
22  of judicial economy.

23      The grounds relied on by Plaintiff for default judgment - that the answer was filed out of
24  time; that it was not accompanied by an affidavit; and that it did not move to dismiss the
25  proceedings - are all either irrelevant to whether the answer was properly filed or simply
26  incorrect in their assertions.  Defendant has timely filed a proper answer to the complaint.  There
27  is no need for an affidavit or, at this time, any motion to dismiss the proceedings.  Accordingly,
28  Defendant has not admitted to the material allegations of the complaint and judgment against

Defendant is not appropriate.

## CONCLUSION

It is therefore ORDERED that the Plaintiff's motions for summary judgment (#12 and # 15 are DENIED;

It is further ORDERED that Defendant's motion to strike fugitive document (#13) is DENIED as moot.

DATED this 19th day of December, 2005.

_____
LARRY R. HICKS
United States District Judge