1

2

3

4

5

6                                    UNITED STATES DISTRICT COURT

7                                          DISTRICT OF NEVADA

8                                              * * * * *

9    CLARA M. JONES,                          )
                                              )
10                         Plaintiff,          )        03:04-CV-0742-LRH (RAM)
                                              )
11   vs.                                       )
                                              )                    ORDER
12   LYON COUNTY, NEVADA,                      )
                                              )
13                         Defendant.          )
                                              )
14   _____)

15          Presently before this Court are Plaintiff Clara Jones's ("Plaintiff") Motions to Enforce

16   Liability of Surety for Judge Larry R. Hicks and for Magistrate Judge Robert A. McQuaid (## 26

17   & 27[1]).

18          Plaintiff, proceeding *pro se*, filed a three page complaint (# 1) against Defendant Lyon

19   County in December 2004, alleging that in February 2003, "armed officers, agents and

20   employees of Lyon County, Nevada, forced their way into Petitioners [sic] home . . . without a

21   Fourth Amendment warrant, searched Petitioner's home and seized property, all in violation of

22   rights secured by . . .the Constitution for the United States of America."  Plaintiff alleged a claim

23   against Lyon County was refused by the Lyon County Board of Commissioners.  However, in an

24   odd twist, Plaintiff alleged that the "Lyon County Board of Commissioners did give final denial

25   of relief to the presented claim, thereby admitting to the judgment and justice of the presented

26   claim."  Plaintiff then essentially alleged a contract between the parties existed that had not been

27   honored by Defendant before demanding judgment in the amount of $17,600,000.00 plus

28

     _____

          [1] References to (# XX) refer to the Court's docket.

1    interest, for a total demand of $21,042,873.00.

2        Plaintiff moved for summary judgment in January 2005 (# 3) and March 2005 (# 6),

3    claiming both times that no answer had been filed.  These requests were denied in April 2005

4    when it was discovered that no answer had been filed because service had not been properly

5    effectuated (# 7).  Plaintiff was given an extension of time to properly serve Defendant, which

6    she was able to do by May 2005.

7        Defendant filed an answer in June 2005.  Plaintiff then filed two motions for summary

8    judgment, arguing that the answer was improper and that Plaintiff should be awarded the twenty

9    million dollars she sought.  The court denied both motions.

10       Plaintiff has now filed the two pending motions claiming that the court's actions, taken

11   by both Magistrate Judge McQuaid and the undersigned judge, substantially and financially

12   injured Plaintiff.  As a remedy, Plaintiff requests the Clerk of the Court to release to her sureties

13   or bonds allegedly held by the two aforementioned judges totaling approximately twenty million

14   dollars.

15       Plaintiff bases her requests on Federal Rule of Civil Procedure (FRCP) 67 as well as 28

16   U.S.C. §§ 2041 and 2042.  FRCP 67 allows for a party in "an action in which any part of the

17   relief sought is a judgment for a sum of money" to, with leave of court, "deposit with the court

18   all or any part of such sum. . . ."  28 U.S.C. §§ 2041 and 2042 provide that all such funds shall be

19   deposited with the Treasurer of the United States and may not be withdrawn except by order of

20   the court.

21       It appears from Plaintiff's request that she believes the individual judges of the United

22   States courts are required to maintain bonds or sureties in the event their actions adversely affect

23   a party.  This notion is incorrect.  There are no bonds or sureties owned or possessed by the

24   judges of this court which can be sought as a settlement for an adverse ruling.  As such,

25   Plaintiff's motions are denied.

26       Further, should Plaintiff have improperly moved to release a bond or surety posted by

27   Lyon County the court also denies such a request.  Upon review of the record, no such bond or

28   surety has been posted and none is required.  Additionally, the failure to win an improperly timed

1  motion for summary judgment would not constitute grounds for releasing any such monies if

2  they existed.

3        It is therefore ORDERED that the Plaintiff's Motions to Enforce Liability of Surety for

4  Judge Larry R. Hicks and for Magistrate Judge Robert A. McQuaid (#26 & 27) are DENIED.

5        DATED this 7th day of August, 2006.

6

7

8  _____

9  LARRY R. HICKS
   United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3